UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:12-cv-335-RJC

| ZONDA C. WROTEN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 11), and Defendant's Motion for Summary Judgment, (Doc. No. 13).

## I.  BACKGROUND

Plaintiff filed an application for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits, with an alleged onset date of September 15, 2005. (Doc. Nos. 7-3 at 27; 7-3 at 2-9). The claims were denied initially, and upon reconsideration. (Doc. No. 7-4 at 2-3). The Administrative Law Judge ("ALJ") held a hearing on July 15, 2011, at which Plaintiff and a vocational expert appeared and testified. (Doc. No. 10-3 at 61-91). On August 3, 2011, the ALJ issued a decision finding that Plaintiff's alcohol abuse disorder was a material contributing factor to the determination of disability because she would not be disabled if she stopped the alcohol abuse, and, therefore, she was not disabled at

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (2012).

any time from her alleged onset date through the date of the decision.  (Id. at 24-38).

Plaintiff appealed the denial of her application to the Appeals Council on August 3, 2011, and also filed a second application for benefits on August 22, 2011.  (Doc. No. 11-1 at 6).  In the second application, she claimed she became disabled as of August 4, 2011 (one day after the ALJ's decision denying her prior applications for benefits).  (Id.).  In the course of evaluating her second application for benefits, the Social Security Administration sent her for a mental health consultative exam with Dr. Elizabeth Schall, Ph.D. on January 2, 2012.  (Id.; Doc. No. 11-2).  Based on her exam, Dr. Schall concluded that Plaintiff suffered from a provisional diagnosis of schizophrenia, undifferentiated.  (Doc. No. 11-2 at 7).  Plaintiff submitted Dr. Schall's report to the Appeals Council along with her argument on August 3, 2012.  (Doc. No. 7-7 at 96-98).  With respect to Dr. Schall's report, the Appeals Council concluded: "This information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before August 3, 2011."  (Doc. No. 7-3 at 3).  The Appeals Council denied Plaintiff's request for review on August 30, 2012, rendering the ALJ's decision the final decision of the Commissioner.  (Id. at 2).  This case is ripe for review pursuant to 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  The District Court does not review a final decision of the Commissioner de novo.  Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597,

599 (4th Cir. 1979). As the Social Security Act provides, if the Commissioner's findings as to any fact are supported by substantial evidence, they shall be conclusive. 42 U.S.C. § 405(g); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . ."). "Substantial evidence" has been defined as "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The sixth sentence of § 405(g) permits the Court to remand a final determination by the Commissioner if new and material evidence is subsequently introduced into the record, and there is good cause for the failure to enter the evidence during the prior proceeding. 42 U.S.C. § 405(g). The sixth sentence does not allow the Court to affirm, modify, or reverse the Commissioner's decision, nor does it permit the Court to make a ruling with respect to the correctness of a decision. Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). The burden of showing that all of the sentence six requirements have been met rests with Plaintiff. Gorham v.

3

Astrue, No. 4:05-cv-00136, 2008 WL 5085086, at *1 (E.D.N.C.2008) (citing Fagg v. Chater, 106 F.3d 390, at 2 (4th Cir. 1997)).

In order for the Court to remand a decision by the Commissioner pursuant to sentence six of § 405(g), the claimant must satisfy four requirements. First, the new evidence must be relevant to the time-period on or before the date of the ALJ's decision. See Borders v. Heckler, 777 F.2d 954, 955 n.4 (4th Cir. 1985); see also Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). Second, the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been presented. Borders, 777 F.2d at 955. Third, "[t]here must be good cause for the claimant's failure to submit the evidence when the claim was before the [Commissioner] . . . ." Id. Lastly, the claimant must present to the remanding court at least a general showing of the nature of the new evidence. Id.

Plaintiff argues that the report of Elizabeth Schall, Ph.D., a consultative examiner, dated January 2, 2012, (Doc. No. 11-2), constitutes new and material evidence under sentence six. The Appeals Council issued its decision August 30, 2012, and stated the following with regard to Dr. Schall's report:

> We also looked at the Comprehensive Clinical Psychological Evaluation prepared by Elizabeth Schall, Ph.D., dated January 2, 2012 and submitted by your representative, Anna R. Hamrick, Esq., on your behalf. The [ALJ] decided your case through August 3, 2011. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before August 3, 2011.

(Doc. No. 11-1 at 8).

Plaintiff contends that Dr. Schall's clinical evaluation ("CE") containing a diagnosis of schizophrenia is relevant to the determination of disability at the time she filed her first

4

application and is not merely cumulative. (Doc. No. 11-1 at 10). Plaintiff explains that "[s]chizophrenia is a psychiatric disorder involving chronic or recurrent psychosis," and states that it "presents typically with a gradual onset and persists over several months and/or years."[2] (Id. at 9-10). "It is not something likely to appear suddenly in a person who showed no signs of it in the evidence." (Id. at 10).

Plaintiff contends a diagnosis of schizophrenia is relevant to the period of time originally before the ALJ in the first hearing because her file contained evidence prior to the first hearing of behavior consistent with schizophrenia, though she had not yet been diagnosed as having it. Examples cited by Plaintiff of such behavior in the first application (but which were not originally classified as schizophrenia) include, among other things, the following: (1) J. Cole, Agency interviewer, observed on September 25, 2008 that Plaintiff "cried a lot during interview, she seemed agitated and could not remember;" (2) Plaintiff's response to the question "why did you stop working" on the Agency Disability report was: "I couldn't be around people anymore. I was working as a server in a cafeteria, I was hearing voices and I thought the people wanted to hurt me;" (3) in a document dated October 30, 2008, Plaintiff references going "under the house sometimes when I see too many people;" and (4) her daughter noted on a form dated December 20, 2008: "she is afraid in large crowds, she thinks someone is out to get her. But she can never tell you who the someone is." (Doc. No. 11-1 at 10-11).

---

[2] Plaintiff states that "[a] diagnosis of schizophrenia is based on the presence of such symptoms [hallucinations or delusions, disorganized speech, negative symptoms such as flat affect or poverty of speech, and impairments in cognition including attention, memory and executive functions], coupled with social or occupational dysfunction for at least six months, in the absence of another diagnosis that would better account for the presentation." (Doc. No. 11-1 at 10) (quoting Schizophrenia: Clinical Manifestations, Course, Assessment and Diagnosis, Fischer, Bernard A., et al., www.uptodate.com).

Plaintiff contends it was an error of law for the Appeals Council not to remand the case back to the ALJ so he could give Dr. Schall's report retrospective consideration. (Id. at 15). The Court agrees and thus finds Plaintiff satisfied her burden of showing the 42 U.S.C. § 405(g) sentence six requirements for remand. First, the new evidence of schizophrenia is relevant to the time-period before the ALJ's decision, as the condition likely affected Plaintiff well before her diagnosis. See Borders, 777 F.2d at 955. The diagnosis is material and, if known, might reasonably have influenced the Commissioner's decision. See Id. There is good cause for Plaintiff's prior failure to submit the evidence when the claim was before the Commissioner, because the CE did not exist at the time. The CE was generated based on an evaluation which took place on January 2, 2012, and the ALJ's denial is dated August 3, 2011. Further, Plaintiff's tendency towards isolation, arguably caused by her schizophrenia, likely prevented a more timely diagnosis. See Id. (showing of good cause); Doc. No. 7-3 at 28 (isolation tendencies). Finally, Plaintiff satisfies the fourth requirement because she attached the actual new evidence to her Motion for Summary Judgment, thereby satisfying the requirement that she present at least a general showing of the nature of the new evidence. See Borders, 777 F.2d at 955.

## IV. CONCLUSION

This case is remanded to the Commissioner for reconsideration of Plaintiff's September 15, 2005 disability claim, with the new evidence of her schizophrenia diagnosis.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 12), is **DENIED**; and

3. The Clerk of Court is directed to remand this case back to the Commissioner.

6

Robert J. Conrad, Jr.
United States District Judge